United States District Court
Southern District of Texas
**ENTERED**
March 26, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT G ARWADY, *et al*, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3195 |
| | § | |
| | § | |
| TOMMY  HO, *et al*, | § | |
| | | |
| Defendants. | | |

## <u>ORDER</u>

Before the Court are Defendant Tommy Ho's Motion to Dismiss ("Ho's Motion") (Doc. #18), Defendant United States' Motion to Dismiss (the "United States' Motion") (Doc. #19), Plaintiffs' Response to Ho's Motion (Doc. #28), Plaintiffs' Response to the United States' Motion (Doc. #29), and Defendant Ho's Reply (Doc. #30).  Having reviewed the parties' arguments and applicable legal authority, the Court grants Ho's Motion in full and the United States' Motion in part.

This dispute arises out of the arrest of Plaintiff Robert Arwady and the seizure of firearms belonging to Plaintiffs Robert Arwady and Samuelia Arwady.  Plaintiff Robert Arwady alleges that Defendant Tommy Ho (a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives) violated his Fourth Amendment rights when he was arrested.  Doc. #4 at ¶¶ 14–17.  Additionally, Plaintiffs Robert Arwady and Samuelia Arwady allege that Defendant Ho violated their Fourth Amendment rights when their property was seized.  *Id.* at ¶¶ 18–21.  Finally, Plaintiffs Robert Arwady and Samuelia Arwady assert claims under the Federal Tort Claims Act (28 U.S.C. § 2674) against Defendant United States for false imprisonment, trespass, negligence in storage,

and breach of a bailee's duties. *Id.* at ¶¶ 22–27. Now, Defendants move to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12. Doc. #18 and Doc. # 19.

To survive a Rule 12(b)(6) motion to dismiss, a complaint need only allege facts sufficient to state a claim for relief that is plausible on its face and need not contain detailed factual allegations. *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Significantly, a complaint may proceed even if recovery is very remote and unlikely, so long as the alleged facts raise a right to relief above the speculative level." *Id.* (internal citations omitted). "Dismissal under Rule 12(b)(6) based on statute of limitations is proper only where it is evident from the complaint that the action is barred and the complaint fails to raise some basis for tolling. It is well established that the limitations period runs from the moment a plaintiff's claim accrues." *United States v. Luminant Generation Co., L.L.C.*, 905 F.3d 874, 880 (5th Cir. 2018) (internal citations omitted).

Both of the claims asserted against Defendant Ho seek to recover damages and arise out of his alleged violations of Plaintiffs' Fourth Amendment rights. Doc. #4 at ¶¶ 14–21. In essence, they are *Bivens* claims. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "the Supreme Court created a damage remedy against individual federal law enforcement officers who allegedly conducted a warrantless search of a suspect's home and arrested him without probable cause. The cause of action, the Court said, flowed from the necessity to enforce the Fourth Amendment in circumstances where the victim had no effective alternative remedy. *Bivens* established that, in certain circumstances, the victims of a

2

constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *De La Paz v. Coy*, 786 F.3d 367, 372 (5th Cir. 2015) (internal citation omitted). "A *Bivens* action is controlled by the applicable state statute of limitations." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999) (internal citations omitted) (holding that in Texas, the statute of limitations period for a *Bivens* claim is two years).

Here, Plaintiffs Robert Arwady and Samuelia Arwady argue that their *Bivens* claims against Defendant Ho accrued when Plaintiff Robert Arwady was acquitted of all charges on October 21, 2015. Doc. #28 at 5 (regarding Count One, "the statute only began to run upon [Robert Arwady's] acquittal.") and 6 (regarding Count Two, "this Fourth Amendment claim became actionable after [Robert] Arwady was acquitted"); Doc. #4 at ¶ 12 ("On October 21, 2015 a unanimous jury acquitted [Robert] Arwady"). Therefore, according to the accrual date proposed by Plaintiffs,[1] Plaintiffs had until October 21, 2017, to file their *Bivens* claims against Defendant Ho. *See Brown*, 188 F.3d at 590. However, Plaintiffs Robert Arwady and Samuelia Arwady filed this action against Defendant Ho on October 23, 2017. Doc. #1. Accordingly, because the claims asserted by Plaintiffs against Defendant Ho are time-barred, the Court grants Ho's Motion.

Plaintiffs Robert Arwady and Samuelia Arwady also assert claims under the Federal Tort Claims Act ("FTCA") against Defendant United States. Doc. #4 at ¶¶ 22–27. Specifically, Plaintiff Robert Arwady asserts a false imprisonment claim, and Plaintiffs Robert Arwady and Samuelia Arwady assert trespass, negligence in storage, and breach of a bailee's duties claims. *Id.* Under the FTCA, "[t]he United States shall be liable . . . [for] tort claims, in the same manner and

---

[1] For purposes of determining whether Plaintiffs' *Bivens* claims against Defendant Ho are time-barred, the Court will use Plaintiffs' accrual date of October 21, 2015, without holding whether that date is the proper accrual date.

3

to the same extent as a private individual under like circumstances." FTCA, 28 U.S.C. § 2674 (West Supp. 2019). A plaintiff must present its tort claim to the appropriate federal agency "within two years after such claim accrues." *Id.* at § 2401(b).

"Under federal law, a claim accrues and the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010) (internal citations omitted). Specifically, the plaintiff must be aware of "(1) the existence of the injury; and (2) the connection between the injury and the defendant's actions." *Brown*, 188 F.3d at 590 (internal citation omitted). Therefore, the limitations period for Plaintiff Robert Arwady's false imprisonment claim commenced when he was arrested, arraigned, and released from custody on March 6, 2014, because he was aware of the injury (*i.e.*, the imprisonment) and its cause (*i.e.*, the government). *See* Doc. #19 at 2; *see also Wallace v. Kato*, 549 U.S. 384, 391–92 (2007). Similarly, the limitations period for Plaintiffs' trespass claim commenced when the government seized approximately 165 firearms on July 15, 2009, because Plaintiffs were aware of the injury (*i.e.*, the search) and its cause (*i.e.*, the government). *See* Doc. #19 at 1; *see also Brown*, 188 F.3d at 590. Therefore, Plaintiff Robert Arwady had until March 6, 2016, to present his false imprisonment claim, and Plaintiffs had until July 15, 2011, to present their trespass claim. *See* 28 U.S.C. § 2401(b). However, Plaintiffs submitted their claims in April 2017. Doc. #29 at 1. Accordingly, because Plaintiff Robert Arwady's false imprisonment claim and Plaintiffs' trespass claims against Defendant United States are time-barred under the FTCA, the Court grants the United States' Motion in part.[2]

---

[2] Under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs have failed to plead facts sufficient to state a claim for relief that is plausible on its face concerning Plaintiffs' "negligence in storage and breach of a bailee's duties" claims. Doc. #4 at ¶ 27. As to those claims only, the Court will allow

For the foregoing reasons, the Court grants Ho's Motion in full and the United States' Motion in part. Ho's Motion is hereby GRANTED in full, and Plaintiffs' claims against Defendant Ho are DISMISSED. The United States' Motion is hereby GRANTED in part, and Plaintiffs' false imprisonment and trespass claims are DISMISSED.

It is so ORDERED.

**MAR 2 6 2019**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

_____

Plaintiffs to file an amended complaint establishing a factual basis for their "negligence in storage and breach of a bailee's duties" claims within twenty-one (21) days of the entry of this Order. If Plaintiffs fail to file such a complaint, Plaintiffs' "negligence in storage and breach of a bailee's duties" claims will be dismissed without further order from this Court.

5