United States District Court
Southern District of Texas
**ENTERED**
May 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT G ARWADY, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:17-CV-3195 |
| TOMMY HO, *et al*, | § § § | |
| Defendants. | | |

## ORDER

Before the Court are Defendant Tommy Ho's Motion to Dismiss (the "Motion") (Doc. #18), Plaintiffs' Response to Ho's Motion (Doc. #28), Defendant Ho's Reply (Doc. #30), Plaintiffs' Motion for Reconsideration (Doc. #32), Defendant Ho's Response (Doc. #33), Plaintiffs' Reply (Doc. #35), and Defendant Ho's Sur-reply (Doc. #38).[1]  Having reviewed the parties' arguments and applicable legal authority, the Court grants the Motion on different grounds.

As outlined in the Court's March 26, 2019 Order, this dispute arises out of the arrest of Plaintiff Robert Arwady and the seizure of his firearms.  Doc. #31.  In that order, the Court dismissed both of Plaintiffs' Fourth Amendment *Bivens* claims against Defendant Tommy Ho (a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives).  Now, Plaintiffs move the Court to reconsider the dismissal of those *Bivens* claims.

In hindsight, the Court erred in holding that it was unnecessary to determine the proper accrual date for those claims when dismissing them.  Accordingly, the Court hereby GRANTS

---

[1] The Court hereby GRANTS Defendant's motion to file a sur-reply (Doc. #37).

Plaintiffs' Motion for Reconsideration.

Plaintiffs asserted two *Bivens* claims against Defendant Ho in their First Amended Complaint. First, Plaintiff Robert Arwady alleged that Defendant Ho violated his Fourth Amendment rights when Plaintiff was arrested.[2] Doc. #4 ¶¶ 14–17. Second, Plaintiffs Robert Arwady and Samuelia Arwady alleged that Defendant Ho violated their Fourth Amendment rights when their firearms were seized. *Id.* ¶¶ 18–21.

Under federal law, a cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action. The plaintiff's knowledge of the injury depends on two elements: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999) (internal citations omitted); *see also Bradley v. Sheriff's Dep't St. Landry Par.*, No. 18-30600, 2020 WL 2213561, at *3 (5th Cir. May 7, 2020) (holding that for a false arrest or imprisonment claim, accrual commences on date of arraignment); *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994) (holding that plaintiff had knowledge of alleged injury—and therefore plaintiff's claim accrued—on date of "allegedly unreasonable search").

Here, the limitations period for Plaintiff Robert Arwady's false arrest or imprisonment claim commenced when he was arrested, arraigned, and released from custody on March 6, 2014, because he was aware of the injury (i.e., the arrest and imprisonment) and its cause (i.e., the Government). Doc. #19 at 2. Similarly, the limitations period for Plaintiffs' property seizure claim

---

[2] In multiple pleadings, including Plaintiffs' Response (Doc. #28) and Plaintiffs' Reply on Motion for Reconsideration (Doc. #35), Plaintiff characterizes this Fourth Amendment claim against Defendant Ho as one of malicious prosecution. However, as alleged in the First Amended Complaint, the claim specifically concerns the improper arrest of Plaintiff Robert Arwady and fails to even mention the phrase "malicious prosecution." Doc. #4 at 5 (Count One is titled, "Defendant Ho's Arrest of Mr. Arwady Violated Mr. Arwady's Rights under the Fourth Amendment"). Accordingly, the Court considers this claim to be one for false arrest or imprisonment.

commenced when the Government seized approximately 165 firearms on July 15, 2009, because Plaintiffs were aware of the injury (i.e., the search) and its cause (i.e., the Government). *Id.* at 1. Therefore, Plaintiff Robert Arwady had until March 7, 2016, to assert his false arrest or imprisonment claim, and Plaintiffs had until July 15, 2011, to assert their property seizure claim. *See Brown*, 188 F.3d at 589–90 (holding that in Texas, the statute of limitations period for a *Bivens* claim is two years). Because Plaintiffs did not initiate this action until April 2017, Plaintiff Robert Arwady's false arrest or imprisonment claim and Plaintiffs' property seizure claim are time-barred.

For the foregoing reasons, the Motion is GRANTED on different grounds, and Plaintiffs' claims against Defendant Ho are hereby DISMISSED.

It is so ORDERED.

MAY 2 8 2020
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge