United States District Court
Southern District of Texas
**ENTERED**
May 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT G ARWADY, *et al*, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 4:17-CV-3195 |
| VS. | § | |
| | § | |
| | § | |
| TOMMY  HO, *et al*, | § | |
| | | |
| Defendants. | | |

## **ORDER**

Before the Court are the Government's Motion to Dismiss Plaintiffs' Second Amended
Complaint (the "Motion") (Doc. #39), Plaintiffs' Response (Doc. #40), and the Government's
Reply (Doc. #41).  Having reviewed the parties' arguments and applicable legal authority, the
Court grants the Motion.

Plaintiffs' remaining claim in this action is for negligent storage under the Federal Tort
Claims Act ("FTCA") (28 U.S.C. § 2671 *et seq.*).  Doc. #34 ¶¶ 13–19.  Specifically, Plaintiffs
allege that when the Government returned to Plaintiffs their 165 seized firearms, many were
"damaged" and "missing parts or accessories." *Id.* ¶ 15.  Now, the Government moves to dismiss
the remaining claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter
jurisdiction, among other reasons.

Whether the Government has waived its sovereign immunity to permit a FTCA claim to
proceed "goes to the court's subject matter jurisdiction" and may be challenged through a Rule
12(b)(1) motion. *Campos v. United States*, 888 F.3d 724, 730 (5th Cir. 2018), *cert. denied sub*
*nom. Chaidez Campos v. United States*, 139 S. Ct. 1317, 203 L. Ed. 2d 563 (2019).  "Through the

enactment of the FTCA, the [G]overnment has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts or omissions of its agents who act within the scope of their employment." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994); *see also* 28 U.S.C. § 2674 (under the FTCA, the Government "shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances"). However, Congress created a few exceptions to the waiver under 28 U.S.C. § 2680.

Pursuant to the FTCA, the Government argues that § 2680's "detention of goods" exception restores sovereign immunity, which bars Plaintiffs' negligent storage claim. 28 U.S.C. § 2680(c) (FTCA shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the *detention of any goods, merchandise, or other property* by any officer of customs or excise or any other law enforcement officer" (emphasis added)). In other words, according to the Government, the seizure and detention of Plaintiffs' firearms by law enforcement officers places the Government squarely within the § 2680(c) exception, thereby barring Plaintiffs' claim. In response, Plaintiffs argue that a sub-exception to § 2680(c) (i.e., a re-waiver of sovereign immunity) applies. 28 U.S.C. § 2680(c)(1) (re-waiver applies if "the property was seized *for the purpose of forfeiture* under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense" (emphasis added)). Because the Government's seizure of Plaintiffs' firearms began as—and remained for years—a civil forfeiture matter, Plaintiffs argue, the re-waiver applies, permitting Plaintiffs' negligent storage claim to proceed.

Though the Fifth Circuit has yet to address this re-waiver, other circuits have adopted or cited the approach of the Ninth Circuit in *Foster v. United States*, 522 F.3d 1071, 1075 (9th Cir.

2008).  *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 784 (7th Cir. 2014); *Shigemura v. United States*, 504 Fed. Appx. 678, 680 (10th Cir. 2012).  In *Foster*, the Ninth Circuit held that the re-waiver of sovereign immunity "applies only to property seized *solely* for the purpose of forfeiture," as opposed to property seized for the purpose of forfeiture and a criminal investigation. 522 F.3d at 1075 (emphasis added).  Because the Fifth Circuit has cited *Foster* favorably and the reasoning in *Foster* is consistent with the Fifth Circuit's principle that "[s]tatutes waiving sovereign immunity of the United States are to be construed strictly in favor of the sovereign," the Court agrees with the Government's position. *Jeanmarie v. United States*, 242 F.3d 600, 604 (5th Cir. 2001); *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Account Ending in 2653*, 942 F.3d 655, 664 (5th Cir. 2019) (citing *Foster* favorably); *see also Ramirez v. Pompa Garcia*, Civil Action No. 2:18-CV-446, 2019 WL 5595367, at *5 (S.D. Tex. Oct. 30, 2019) (adopting *Foster*'s "sole purpose" requirement).

In the forfeiture action *United States v. 162 Firearms* (4:09-cv-3622), Plaintiffs represented at Doc. # 62 that "[f]rom the inception of the case all negotiations between the parties contemplated a potential criminal complaint or indictment and a resolution that would settle both the pending civil forfeiture and the potential criminal charges."  In other words, it is undisputed that the parties believed that the seizure of Plaintiff's firearms was always related to a criminal investigation. Accordingly, because Plaintiffs' firearms were never seized *solely* for the purpose of forfeiture, the re-waiver of sovereign immunity does not apply, and Plaintiffs' negligent storage claim brought under the FTCA is barred for lack of subject-matter jurisdiction.

For the foregoing reasons, the Motion is GRANTED, Plaintiffs' remaining claim is DISMISSED, and this case is hereby CLOSED.

It is so ORDERED.

_MAY  2 8 2020_____

Date

_____

The Honorable Alfred H. Bennett
United States District Judge